# Court of Appeals
# of the State of Georgia

ATLANTA,   August 16, 2012

*The Court of Appeals hereby passes the following order:*

## A12A2375.  GEORGIA PORTS AUTHORITY v. JOHNNY LEE HINES, et al.

Defendant Georgia Ports Authority moved for summary judgment, asserting that it is immune from suit under the doctrine of sovereign immunity.  The trial court denied the motion, concluding that the defendant had not "carried its burden in showing that the submitted evidence warranted judgment as a matter of law, as opposed to having the evidence submitted to a jury."  Georgia Ports Authority then filed this notice of direct appeal.

Ordinarily, the denial of a motion for summary judgment is an interlocutory order, the appeal of which must comply with interlocutory appeal procedure.  See OCGA § 5-6-34 (b).  According to the appellant, it is entitled to directly appeal the trial court's ruling under *Board of Regents v. Canas*, 295 Ga. App. 505 (672 SE2d 471) (2009).  In *Canas*, we held that the collateral order doctrine permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity."[1]  Our decision hinged on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." (Citation omitted.)  Id.  Under *Canas*, therefore, a governmental entity can file a direct appeal

---

[1] Under the collateral order doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal.  *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

from an order that conclusively rejects a sovereign immunity defense.

A close reading of the order in this case, however, reveals that the trial court has not made such a conclusive determination. The court merely found that the Georgia Ports Authority had not yet established that it is entitled to sovereign immunity. Under these circumstances, *Canas* and the collateral order doctrine are inapplicable, and the ruling is interlocutory. Accordingly, the appellant's failure to comply with the interlocutory procedure in OCGA § 5-6-34 (b) deprives us of jurisdiction over the appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/16/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*